IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal No. 05-10061-06 |
| LOIS CHICKNOWSKY, | ) |
| Defendant. | ) |

FILED
JUN 2 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers, Supervisory Assistant United States Attorney, and the defendant, Lois Chicknowsky, personally and by the defendant's attorney, Daniel O'Day, hereby enter into this plea agreement.

1.   This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists,

1

except as set forth in this plea agreement.

2.  This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3.  This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw her plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4.  The defendant will plead guilty to Count 1 of the Superseding Indictment, in which the defendant is charged with conspiracy to distribute methamphetamine, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§841(a)(1) and 841(b)(1)(A).

5.  The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature

and elements of the crime to which the defendant is pleading guilty. To sustain the charge of conspiracy to manufacture methamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), the United States must prove the following propositions beyond a reasonable doubt:

<u>Conspiracy to Distribute Methamphetamine and Cocaine</u>

Elements: 1. That the alleged conspiracy existed,

2. That the defendant knowingly and intentionally became a member of the conspiracy; and

3. That the conspiracy involved more than five hundred (500) grams of a mixture and substance containing methamphetamine and more than five (5) kilograms of a mixture and substance containing cocaine.

6. The defendant understands and agrees that the offense to which she shall plead guilty carries the following potential penalties:

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), this count carries a minimum mandatory sentence of ten (10) years and a maximum sentence of life imprisonment. This count carries a fine of $4,000,000 and a $100.00 special assessment. This count also carries a special mandatory

3

supervised release term of at least five (5) years and up to any number of years including life.

If the defendant has a prior felony drug conviction, this count carries a minimum mandatory sentence of twenty (20) years and a maximum sentence of life imprisonment. If the defendant has a prior felony drug conviction, this count also carries a maximum fine of $8,000,000 and a $100.00 special assessment and a special mandatory supervised release term of at least ten (10) years and up to any number of years including life.

If the defendant has two prior felony drug convictions, this count carries a mandatory sentence of life imprisonment without possibility of release, a maximum fine of $8,000,000 and a $100.00 special assessment.

7.  The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8.  The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND APPEAL WAIVERS

### Notice of Prior Drug Conviction

9.     The defendant expressly waives any right the defendant has pursuant to Title 21, United States Code, Section 851 to require the United States Attorney's Office to file and serve an information stating in writing the prior felony drug convictions that support any enhanced sentence.

### Waiver of Right of Appeal from Conviction and Sentence

10.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

## Waiver of Right to Collateral Attack

11.   The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that she received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands her rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence.  The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea

6

agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include her right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

12. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

13. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

   a. The parties agree, based upon facts currently known by the

United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

  b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

 14. The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the

positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

15. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

16. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the ***advisory*** Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's

truthfulness.

## DEFENDANT'S OBLIGATIONS

17.  As a condition of this entire plea agreement, the defendant will cooperate fully with the United States and any relevant law enforcement agencies. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that the defendant must neither minimize the defendant's own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant specifically agrees that she will provide complete and truthful testimony to any federal grand jury, petit jury, or court before which the defendant may be called to testify by the United States. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon the defendant being truthful about the facts.

18.  The defendant agrees to waives and waives any rights the defendant may have under the Speedy Trial Act, and the defendant understands that her sentencing may be delayed until her cooperation has been completed so that at sentencing the court will have the benefit of all relevant information.

19.  The defendant and her attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the

value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and her attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

20. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the Superseding Indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

21. At the time of sentencing the United States agrees to recommend the following: the United States agrees to recommend a sentence at the low end of the

advisory Sentencing Guideline range.

22. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Superseding Indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

23. The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

## FACTUAL BASIS

24. The defendant will plead guilty because the defendant is in fact guilty of the charge contained in Count 1 of the Superseding Indictment. In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

From on or about 2002 to December of 2003, Lois CHICKNOWSKY was a member of Kevin G. HUTCHINGS' drug distribution organization. CHICKNOWSKY was Kevin G. HUTCHINGS' girlfriend. CHICKNOWKY traveled with Kevin G. HUTCHINGS, when HUTCHINGS delivered cocaine and methamphetamine to Dyer, WHITING and others, in the Central District of Illinois. CHICKNOWSKY assisted HUTCHINGS in the packaging of the cocaine. CHICKNOWSKY also delivered drugs for

12

Kevin G. HUTCHINGS. At the time of HUTCHINGS arrest in Cleveland, Ohio, CHICKNOWSKY was traveling with HUTCHINGS, but was not arrested by DEA Cleveland. Following HUTCHINGS' arrest in Cleveland, Ohio, CHICKNOWKY contacted HUTCHINGS' cocaine/methamphetamine customers and attempted to collect any and all outstanding drug debts, (i.e., Dyer and HARRIS) owed to Kevin G. HUTCHINGS.

## **EFFECT OF VIOLATION OF AGREEMENT**

25.     The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

26.     Whether or not the defendant has violated the terms of the plea

agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

27.    The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to

represent the defendant at no cost to the defendant.

    d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

    e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

  28. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

## AGREED:

**Defendant's Attorney:**

29. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 6-2-06    s/Defendant's Attorney
                Daniel O'Day
                Attorney for Lois Chicknowsky

**Defendant:**

30. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and

16

entering into this Plea Agreement.

Date: 6-2-06    s/Defendant
X_____
Lois Chicknowsky
Defendant

**United States:**

31.　On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 6-2-06    RODGER A. HEATON
UNITED STATES ATTORNEY

s/K. Tate Chambers
_____
K. Tate Chambers
Supervisory Assistant United States Attorney