IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 05-10061 |
| | ) |
| KEVIN G. HUTCHINGS, | ) |
| KEVIN M. HUTCHINGS, | ) |
| MICHAEL HARRIS, | ) |
| NELSON ERIC WHITING, | ) |
| RICHARD BREEDING, | ) |
| LOIS CHICKNOWSKY, and | ) |
| MICHAEL COLE, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S SANTIAGO PROFFER**

Now comes the United States of America, by and through its attorneys, Rodger A. Heaton, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney for the Central District of Illinois, and hereby responds to Defendant's Motion Regarding Admissibility of Co-Conspirator Declarations as follows:

**I.   Legal Principles**

The admission of co-conspirator statements under Fed.R.Evid. 801(d)(2)(E) requires the government to prove that a conspiracy existed, that the defendant and the declarant were members of that conspiracy, and that the offered statements were made

1

during the course of and in furtherance of the conspiracy.  Bourjaily v. United States, 483 U.S. 171, 175 (1987).  See also United States v. Andrus, 775 F.2d 825, 836 (7th Cir. 1985); Santiago, 582 F.2d at 1134.  Proof of the conspiracy's existence and the defendant and declarant's membership in the conspiracy constitute preliminary questions of fact for the court to resolve under Fed.R.Evid. 104(a).  Bourjaily, 483 U.S. at 175; Santiago, 582 F.2d at 1133.  The offering party must prove such facts by a preponderance of the evidence.  Bourjaily, 483 U.S. at 176.

### A.   The Existence of a Conspiracy

The crime of conspiracy requires proof "that there was an agreement between two or more persons to commit an unlawful act, that the defendant was a party to the agreement, and that an overt act was committed in furtherance of the agreement by one of the co-conspirators."  United States v. Noble, 754 F.2d 1324, 1328 (7th Cir.), cert. denied, 474 U.S. 818 (1985).  The government can prove the existence of a conspiracy with "evidence of acts or statements by all alleged conspirators."  United States v. de Ortiz, 907 F.2d 629, 633 (7th Cir. 1990).  See also Bourjaily, 483 U.S. at 177-178 (1987).

Additionally, the government can prove the existence of the conspiracy by circumstantial evidence.  United States v. Adamo, 882 F.2d 1218, 1223 (7th Cir. 1989).  "The government need not establish that there existed a formal agreement to conspire; circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship of the parties, their overt acts, and the totality of their conduct may serve as proof.'"  United States v. Larkins, 83 F.3d 162, 166 (7th Cir. 1996); United States v.

Hooks, 848 F.2d 785, 792 (7th Cir. 1988) (quoting United States v. Redwine, 715 F.2d 315, 320 (7th Cir. 1983), cert. denied, 467 U.S. 1216 (1984).

### B. Membership in a Conspiracy

"Once the government proves the existence of a conspiracy, the government must offer substantial evidence to prove that an individual was a member of the conspiracy. United States v. Durrive, 902 F.2d 1221, 1229 (7th Cir. 1990) The government may base its proof of a particular individual's participation in a conspiracy upon circumstantial evidence, Adamo, 882 F.2d at 1223, as well as upon "evidence of what the defendant did or said," including adoptive admissions. United States v. de Ortiz, 907 F.2d 629, 635 (7th Cir. 1990).

An individual "must know that others are participating in the conspiracy" to be a member of that conspiracy. Noble, 754 F.2d at 1329. The requirement that an individual "must know" of the others' participation "should not be taken literally." United States v. Cerro, 775 F.2d 908, 911 (7th Cir. 1985).."[I]t means only that knowledge can be inferred from circumstantial evidence." Id. Therefore, although mere approval, association, or knowledge of a conspiracy will not support a conspiracy conviction, "presence of a single act will suffice if the circumstances permit the inference that the presence or act was intended to advance the ends of the conspiracy." United States v. Soto, 48 F.3d 1415, 1424 (7th Cir. 1995) (quoting United States v. Diaz, 876 F.2d 1344, 1352). Furthermore, proof "that the defendant willfully shut his eyes for fear of what he might see if he opened them" satisfies the requirement of knowledge. Cerro, 775 F.2d at

911 (citing United States v. Josefik, 753 F.2d 585, 589 (7th Cir.), cert. denied, 471 U.S. 1055 (1985)).

The members of a conspiracy "neither have to personally know the individuals involved ... nor do they have to participate in every facet of the conspiracy scheme." Adamo, 882 F.2d at 1224 (quoting Noble, 754 F.2d at 1329)). "As long as the conspiracy continues and its goal is to achieve a common objective ... parties may still be found guilty even though the join or terminate their relationship with the co-conspirators at different times." Id.

**II.   Summary of the Government's Evidence of a Conspiracy.**

The following is a summary of some of the facts evidencing the existence of a conspiracy and the members of that conspiracy. This summary is not exhaustive and does not include all of the facts the government will offer at trial. The government incorporates by reference all of the facts set out in the second superseding indictment in this matter and realleges them by reference herein. In addition, the government provides the following facts.

This case is a DEA OCDETF case which arose out of the cooperation of federal defendants, Craig Dyer and Michael Pitts, DEA and Illinois State Police (ISP) Confidential Sources (CS) and other witnesses. Dyer and Pitts were arrested on federal drug charges in May of 2003. They both cooperated with the United States government, and identified their meth and cocaine source of supply as Kevin G. Hutchings. Dyer also identified Michael Harris, Mike Cole, Richard Breeding, Nelson "Eric" Whiting,

4

Gary Oesterle, Lois Chicknowsky, Kevin M. Hutchings, and Rick Narramore as members of the conspiracy.

During the investigation, Dyer conducted a controlled purchase of approximately one (1) ounce of cocaine from Michael Harris, and negotiated and attempted the purchase of another ounce of cocaine from Harris, and negotiated and attempted to purchase five (5) ounces of cocaine from Cole.

### A.   Synopsis of Each Defendant's Role in the Conspiracy

#### 1.   Kevin G. Hutchings

From 2001 to October of 2003, Hutchings delivered and sold kilograms of cocaine, multiple ounces of methamphetamine, and pounds of marijuana directly to Craig Dyer, Richard Breeding, Eric Whiting, Michael Harris and others. Hutchings transported the drugs from Texas and delivered them to the above-named individual at several locations, including West Memphis, Arkansas, Hillsboro, Missouri and several locations in the Central District of Illinois. During the time of the conspiracy, Hutchings was on parole from Texas on a felony drug conviction. After his most recent conviction, Hutchings used others to continue to deliver the drugs to the Peoria area.

#### 2.   Kevin M. Hutchings

In 2002, Kevin M. Hutchings delivered kilograms of cocaine to Craig Dyer, in the Pekin, Illinois, area, on behalf of his father, Kevin M. Hutchings. Since Kevin G. Hutchings' most recent incarceration, Kevin G. Hutchings informed Dyer that he was still delivering and selling cocaine for his father. Also, Michael Harris told Dyer that

Kevin M. Harris was conducting drug transactions for his father, Kevin G. Hutchings. The conversations between Dyer and Kevin G. Hutchings, and Dyer and Harris were captured on cassette tape at the direction of DEA Agents.

### 3.   Richard Breeding

Beginning in 2001, Breeding conducted drug transactions with Kevin G. Hutchings. In 2002, Breeding introduced Craig Dyer to Hutchings. Breeding and Dyer purchased cocaine and methamphetamine from Hutchings in West Memphis, Arkansas, area and then transported the cocaine and methamphetamine back to the Central District of Illinois for distribution. Initially, Breeding charged Dyer $50.00 for every ounce of cocaine that Dyer purchased from Hutchings. Conversations between Dyer and Breeding were recorded by DEA Agents, with Dyer's cooperation. Breeding refused to talk on the telephone with Dyer, stating he did not want to be implicated in a federal drug conspiracy. During one recorded meeting between Breeding and Dyer, Breeding stated that he was not worried, because his drug dealings with Hutchings occurred far in the past.

### 4.   Michael Harris

Beginning in 2002, Michael Harris delivered methamphetamine to Eric Whiting for Kevin G. Hutchings, at the direction of Dyer. From 2002 to approximately May of 2003, Harris purchased ten (10) ounce quantities of cocaine from Dyer on numerous occasions. Following the arrest of Dyer in May of 2003, Kevin G. Hutchings directed Harris to purchase Hutchings' cocaine from Eric Whiting. Eventually, Harris started

purchasing cocaine directly from Kevin G. Hutchings.  During Dyer's cooperation with the United States government, Harris delivered messages to Kevin G. Hutchings, on Dyer's behalf and sold an ounce of cocaine to DYER.

       5.      **Nelson Eric Whiting**

From 2002 to October of 2003, Nelson "Eric" Whiting purchased cocaine and methamphetamine from Kevin G. Hutchings.  In or about the summer of 2002, Dyer and Michael Harris delivered methamphetamine to Whiting, on Hutchings' behalf. Following Dyer's arrest, Whiting once again purchased cocaine and methamphetamine directly from Hutchings.  Harris obtained drugs from Whiting during that time. Whiting purchased drugs from Hutchings, until Whiting incurred a drug debt with Hutchings that Whiting disputed.  During this investigation, Whiting sold very small amounts of methamphetamine to a CS, under the direction of the Illinois State Police. The transactions were captured on cassette tape recordings.  The ISP CS also identified Kevin G. Hutchings and Lois Chicknowsky as Whiting's methamphetamine sources of supply.

       6.      **Michael Cole**

From on or about 2002 to May of 2003, Michael Cole purchased large quantities of cocaine from Dyer.  Dyer obtained the cocaine from Kevin G. Hutchings.  As a member of the drug conspiracy, Cole packaged, distributed and stored cocaine for Dyer.  Also, Cole allowed Dyer to store drug proceeds at Cole's residence.  Following Dyer's arrest, Cole negotiated a five (5) ounce cocaine sale to Dyer.  The transaction was

not finalized, because Cole required Dyer to front the payment. The drug negotiations and other conversations between Dyer and Cole, in which Cole admits to his involvement in the drug conspiracy were captured on cassette tape recordings, by DEA.

      7.    **Lois Chicknowsky**

From on or about 2002 to December of 2003, Lois Chicknowsky was a member of Kevin G. Hutchings' drug distribution organization. Chicknowsky was Kevin G. Hutchings' girlfriend. Chicknowsky traveled with Kevin G. Hutchings, when Hutchings delivered cocaine and methamphetamine to Dyer, Whiting and others, in the Central District of Illinois. Chicknowsky assisted Hutchings in the packaging of the cocaine. Chicknowsky also delivered drugs for Kevin G. Hutchings. At the time of Hutchings arrest in Cleveland, Ohio, Chicknowsky was traveling with Hutchings, but was not arrested by DEA Cleveland. Following Hutchings' arrest in Cleveland, Ohio, CHICKNOWSKY contacted Hutchings' cocaine/methamphetamine customers and attempted to collect any and all outstanding drug debts, (i.e., Dyer and Harris) owed to Kevin G. Hutchings.

      B.    **Summary of Evidence**

The evidence will show that from in or about 2001 to at least May 2003, a conspiracy existed between several Texas individuals and several Central District of Illinois individuals to distribute cocaine, methamphetamine and marijuana in the Peoria, Illinois, area. Evidence will show that Kevin G. Hutchings, Richard Breeding, Michael Harris, Michael Cole, Nelson Eric Whiting, Lois Chicknowsky, Kevin M.

Hutchings, Gary Oesterle, Rick Narramore and others were members of this conspiracy to distribute cocaine and methamphetamine in the Central District of Illinois, in violation of U.S.C. Title 21 Section 846 and U.S.C. Title Section 841 (a)(1). The following is a summary of the witnesses' testimony and corroborating evidence which the government will offer at trial.

### 1. Witnesses

1. <u>Craig Dyer</u> - Dyer will testify that from in or about 2002 to May 2003, Dyer purchased kilogram amounts of cocaine from Kevin G. Hutchings. Initially, Dyer was introduced to Hutchings by Richard Breeding. Hutchings was Breeding's cocaine source of supply at the time. Dyer will testify to the roles of Kevin G. Hutchings, Chicknowsky, Cole, Harris, Breeding, Oesterle, Narramore, Whiting and Kevin M. Hutchings in the cocaine and methamphetamine drug conspiracy. Dyer is presently in federal prison on drug charges following a guilty plea.

2. <u>Michael Pitts</u> - Pitts will testify that he purchased cocaine from Dyer, Kevin G. Hutchings and Cole. He traveled with Dyer to West Memphis, Arkansas to purchase cocaine from Kevin G. Hutchings. Pitts will corroborate Dyer's testimony. Pitts is presently in federal prison on drug charges following a guilty plea.

3. <u>Kerin Dyer</u> (wife of Craig Dyer) - Kerin Dyer's testimony will corroborate Craig Dyer's and Pitts' testimony regarding Dyer's and Pitts' statements concerning Kevin G. Hutchings, Chicknowsky, Cole, Harris, Narramore, Whiting and others' role in the drug conspiracy.

4. <u>ISP CS</u> - CS will testify to the purchase of methamphetamine from Nelson Eric Whiting, at the direction of Agents/Inspectors of the West Central Illinois Task Force (WCITF). CS will testify that Kevin G. Hutchings and Chicknowsky were Whiting's methamphetamine sources of supply. The CS selected Hutchings and Chicknowsky from a photo line-up.

5. <u>Mike Mason</u> - Mason will testify that he purchased methamphetamine from Whiting. Mason is currently serving a life sentence in the Federal Bureau of Prisons for manufacturing methamphetamine.

## 2. **Corroborating Events**

1. On August 29, 1992, near Dalhart, Texas, Hartley County Sheriff's Corporal Franky Scott arrested Kevin G. Hutchings for aggravated possession of more than twenty-eight (28) but less than four hundred grams of cocaine. Corporal Scott found approximately eighteen (18) ounces of cocaine secreted in a spare tire in Hutchings' vehicle. At the time of the arrest, Hutchings' claimed to be traveling from California to Peoria, Illinois. Hutchings' entered a guilty plea and was sentence to serve ninety-nine (99) years confinement in the Texas Department of Criminal Justice, Institutional Division. On or about June 6, 2001, Hutchings was released on parole. Hutchings is on parole until August 29, 2091.

2. On November 13, 2003, Craig Dyer purchased approximately one ounce of cocaine, for $1,300.00, from Michael Harris, in Pekin, Illinois. The transaction was conducted under the direction of DEA Special Agents. The transaction was tape

10

recorded.

### 3. Other Corroborating Evidence

1. Telephone records showing numerous telephone calls between Craig Dyer and Kevin G. Hutchings, Dyer and Michael Harris, Dyer and Mike Cole, Dyer and Narramore, Dyer and Oesterle, Dyer and Breeding, Hutchings and Harris, Hutchings and Breeding, Harris and Whiting, and Harris and Cole.

2. Tape recorded meetings and/or telephone conversations between Craig Dyer and Michael Cole, C. Dyer and Richard Breeding, C. Dyer and Kevin G. Hutchings, C. Dyer and Gary Oesterle and C. Dyer and Rick Narramore.

3. Hotel records and videos documenting Kevin G. Hutchings and Kevin M. Hutchings visits to the Peoria, Illinois, area when witnesses claimed he distributed drugs. The agents also seized drug packaging from two hotel rooms after Kevin G. Hutchings checked out of the rooms.

4. Hotel record documenting Dyer's and Pitts' travel to West Memphis, Arkansas to purchase cocaine from Kevin G. Hutchings.

5. Jefferson County Sheriff's Department, Jefferson County, Missouri Traffic citation corroborating Dyer's and Pitts' travel to West Memphis, Arkansas to purchase cocaine from Hutchings.

6. Car rental records documenting vehicles utilized by Kevin G. Hutchings in his travel to and from Peoria, Illinois, area to deliver drugs.

7. Vehicle Title records showing ownership by the conspirators of various vehicles described by the government witnesses.

8. Western Union receipts documenting money wire transfers from Breeding to Kevin G. Hutchings, and Kevin G. Hutchings to Kevin M. Hutchings.

9. Visa account records documenting Kevin G. Hutchings' travels to the Peoria, Illinois, area, California and other areas in which Hutchings distributed cocaine.

10. Wells Fargo bank records of Kevin G. Hutchings' bank accounts documenting financial transactions between Hutchings and storage facilities located in the Peoria, Illinois, area.

11. Storage facilities records documenting storage rentals by Kevin G. Hutchings, in the Peoria, Illinois, area where witnesses claim he stored drugs.

12. Seizure of temporary spare tires utilized by Kevin G. Hutchings to deliver cocaine and methamphetamine to Dyer and others, in the Peoria, Illinois, area.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

 s/:  K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney
One Technology Plaza - Suite 400
211 Fulton Street
Peoria, Illinois 61602
Telephone: (309) 671-7050

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      **Mark E Wertz**
VONACHEN LAWLESS TRAGER & SLEVIN
Ste 425
456 Fulton St
Peoria, IL 61602

**Eric M Schwing**
Attorney at Law
802 S Second Street
Springfield, IL 62704

**Jerry Serritella**
Attorney at Law
Suite 1600
411 Hamilton Blvd
Peoria, IL 61602

**Chandra L Justice**
JUSTICE LAW OFFICE
416 MAIN STREET
SUITE 300
PEORIA, IL 61602

**Joel E Brown**
Attorney at Law
Suite 625
416 E Main St
Peoria, IL 61602

**Daniel G O'Day**
CUSACK FLEMING GILFILLAN & O'DAY
415 Hamilton Blvd
Peoria, IL 61602-1102

      s:/ Kim Ritthaler
      Legal Assistant